Filed 10/24/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GOLNAZ GHOLIPOUR, | D072235 |
| Petitioner, | |
| v. | (Super. Ct. No. SCD246831) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest | |

PROCEEDINGS in mandate after superior court denied petitioner's motion to transfer. Charles G. Rogers, Judge. Petition denied.

John O'Connell, San Diego County Primary Public Defender and Randy Mize, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, San Diego County District Attorney, Mark A. Amador and Samantha Begovich, Deputy District Attorneys, for Real Party in Interest.

In this case, we deny a petition for a writ of mandate challenging an order by which the trial court retained jurisdiction to determine the amount of petitioner's restitution. As we interpret Penal Code[1] section 1203.9, although petitioner's case was transferred from the trial court to the superior court of another county while her appeal from her workers' compensation fraud conviction was pending in this court, the trial court in which she was convicted retained jurisdiction over imposition of restitution so that when we vacated the trial court's initial restitution order, the trial court had the power to impose a new restitution order consistent with our instructions on remand.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, petitioner Golnaz Gholipour was charged and convicted of multiple counts of perjury and workers' compensation fraud. The trial court imposed a split six-year sentence, with three years to be served in local custody and three years to be served under mandatory supervision.

Following Gholipour's conviction, the trial court entered a restitution award in the amount of $309,101.05. Gholipour appealed both the judgment of conviction and the trial court's restitution order.

In April 2016, while her appeal was pending, Gholipour completed the in-custody portion of her sentence, was released on mandatory supervision and began living in Orange County. Shortly after her release from custody, Gholipour moved to transfer her

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

case and supervision to Orange County pursuant to section 1203.9 and on June 16, 2016, the trial court entered an order transferring Gholipour's case to Orange County.

On June 29, 2016, we filed our opinion affirming the judgment of conviction; however, we reversed the trial court's restitution order and expressly remanded the case to the trial court to conduct further restitution proceedings consistent with our opinion. In particular, we found that the restitution was made under the mandatory provisions of section 1202.4, under which restitution may be ordered only with respect to losses associated with the crimes for which a defendant has been convicted; we found the trial court's restitution order was defective because it included restitution for losses which occurred years before Gholipour committed the particular crimes for which she was convicted. (See *People v. Gholipour* (June 29, 2016, D067177, D068234) [nonpub. opns.] 2016 WL 3625509.)

Following issuance of our remittitur, Gholipour moved in the trial court for an order directing that the amount of her restitution be determined by the Orange County Superior Court. The trial court found that as the transferring court under section 1203.9, it had jurisdiction to determine the amount of Gholipour's restitution and that it was appropriate for it to exercise that jurisdiction. Accordingly, the trial court denied Gholipour's motion.

Gholipour filed a petition for a writ of mandate challenging the trial court's order. We issued an order to show cause, stayed further proceedings in the trial court and set the matter on our calendar for argument.

3

I

In general, when a person has been released on probation or mandatory supervision, section 1203.9, subdivision (a)(1), requires transfer of his or her case to the county where the person resides.  However, section 1203.9, subdivision (a)(3), provides in pertinent part:  "If victim restitution was ordered as a condition of probation or mandatory supervision, the transferring court shall determine the amount of restitution before the transfer unless the court finds that the determination cannot be made within a reasonable time from when the motion for transfer is made.  *If a case is transferred without a determination of the amount of restitution, the transferring court shall complete the determination as soon as practicable. In all other aspects . . .* the court of the receiving county shall have full jurisdiction over the matter upon transfer as provided in subdivision (b).[2]"  (Italics added.)

According to the Judicial Council, which was the sponsor of the legislation which added section 1203.9, subdivision (a)(3):  "[C]ourts often transfer cases without first determining victim restitution amounts and without any indication that the restitution amount was properly considered. [Citation.] As a result, receiving courts are often unable to determine accurate restitution amounts because *the relevant witnesses and information are not readily available* in the receiving county. Those transfers also create significant hardships on victims who risk losing restitution if they are unable to travel to the

---

2       Section 1203.9, subdivision (b), states:  "The court of the receiving county shall accept the entire jurisdiction over the case effective the date that the transferring court orders the transfer."

receiving county to pursue or clarify a request for restitution in person. *To improve victim access to restitution and promote efficiencies* in determining restitution amounts, AB 2645 amends section 1203.9 to (1) prohibit transfers until restitution amounts have been determined unless a transferring court finds that a determination of restitution cannot be made within a reasonable amount of time from the date of the motion to transfer; (2) require courts that transfer cases without first determining restitution *to retain jurisdiction* to determine the amount as soon as practicable; and (3) clarify that, *in all other respects,* the receiving court receives full jurisdiction over the matter. AB 2645 will facilitate the collection of victim restitution without compromising public safety." (Sen. Com. on Public Safety, 2d reading analysis of Assem. Bill No. 2645 (2013-2014 Reg. Sess.), as amended May 6, 2014, p. 7, italics added.) The Judicial Council's statement was consistent with the author's description of the legislation: "Under current law a victim risks losing restitution if they cannot travel to the receiving county to pursue restitution in person. Victims should not be forced to deal with extensive delays, incur travel costs and spend time away from work and loved ones in order to get the restitution to them as a victim of a crime." (*Ibid.*)

## II

The parties agree that because here the transfer under section 1203.9, subdivision (a) occurred while Gholipour's appellate challenge to the earlier trial court order requiring restitution was pending in this court, and our later disposition of that issue requires a new restitution order, application of section 1203.9, subdivision (a)(3) in this case presents a question of first impression.

5

Contrary to Gholipour's argument, nothing on the face of section 1203.9 deprived the trial court of jurisdiction to determine the amount of her restitution on our remand. By its terms section 1203.9 preserves a transferring court's power over restitution until the amount of restitution has been "determined." Here, there has not yet been any final determination of the amount of Gholipour's restitution; although the trial court made an initial determination, Gholipour's successful direct appeal of that order is ample proof that the issue has not been finally determined.

Our interpretation of section 1203.9, subdivision (a)(3), under which a transferring court's power over restitution is preserved until it has made a determination *and* its determination is final, is not only consistent with the language of the statute, it is also consistent with the purpose of the legislation which preserved a transferring court's power over restitution. As we have noted, the goal of section 1203.9, subdivision (a)(3) was to assure that restitution issues are determined in the venue which has the most ready access to pertinent information and which provides crime victims an opportunity to fully participate in determination of the restitution they are owed. This efficiency and protection would be lost if, by way of a successful appeal, the restitution issue was finally determined by a court without any familiarity with the offense which gave rise to the right to restitution or ready access to witnesses or victims.

DISPOSITION

The petition is denied.  The stay issued by this court on June 12, 2017, is dissolved.


BENKE, J.

WE CONCUR:



McCONNELL, P. J.



DATO, J.

7